IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD LEON KAVANAUGH,** : | |
| Petitioner : | |
| : | No. 1:22-cv-01393 |
| v. : | |
| : | (Judge Kane) |
| **WARDEN R. THOMPSON,** : | |
| Respondent : | |

## MEMORANDUM

Pro se Petitioner Edward Leon Kavanaugh ("Petitioner") is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). While he was incarcerated at Low Security Correctional Institution Allenwood in White Deer, Pennsylvania ("LSCI Allenwood"), he commenced the above-captioned action by filing a petition for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. He attempts to collaterally attack the validity of his federal conviction, as imposed by the United States District Court for the Western District of Texas ("Western District of Texas"). For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction and deny the pending motions seeking the appointment of counsel as moot.

I.  BACKGROUND

On December 6, 2013, in the Western District of Texas, Petitioner appeared before a Magistrate Judge and pleaded guilty to single count of possession with intent to distribute cocaine base. See United States v. Kavanaugh, No. 1:13-cr-00469 (W.D. Tx. Oct. 15, 2013), ECF No. 32. On March 28, 2014, by an amended judgment, a District Judge accepted Petitioner's guilty plea, adjudicated him guilty of possession with intent to distribute cocaine base, and sentenced him to a term of one-hundred and fifty-one (151) months of imprisonment followed by a term of three (3) years supervised release. See id., ECF Nos. 40, 42. Petitioner, who was found to be a career offender under U.S.S.G. § 4B1.1, see id., ECF Nos. 71, 75,

Case 1:22-cv-01393-YK-SM   Document 19   Filed 06/07/23   Page 2 of 9

appealed his sentence, see id., ECF No. 44. On August 25, 2015, the United States Court of Appeals for the Fifth Circuit dismissed his appeal as frivolous. See id., ECF No. 49.

Thereafter, on June 23, 2016, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255, challenging the constitutionality of the Sentencing Guidelines' career offender enhancement, and requested that the Western District of Texas resentence him without application of that enhancement. See id., ECF No. 53. On July 19, 2019, the Magistrate Judge issued a Report and Recommendation that Petitioner's motion to vacate his sentence be denied because it was untimely filed under the applicable statute of limitations. See id., ECF No. 71. On August 7, 2019, the District Judge adopted the Report and Recommendation. See id., ECF No. 75.

Roughly three (3) years later, on September 8, 2022, Petitioner filed his Section 2241 petition in this Court. (Doc. No. 1.) He asserts four (4) grounds for relief in his petition. (Id. at 6-8.) His first ground appears to be that one of his predicate state offenses, which was used to enhance his federal sentence (i.e., his offense of aggravated assault with a deadly weapon), is not a crime of violence and, thus, invalidates his status as a career offender. (Id. at 6 (asserting that this state offense is "non-divisible" and has a "mens rea of recklessness").) His second ground is that, during his sentencing hearing, the District Judge incorrectly stated that he pleaded guilty to a "conspiracy" offense, as opposed to possession with intent to distribute cocaine base. (Id.) His third ground is that his counsel was ineffective for failing to object to that incorrect statement. (Id.) And his fourth and final ground is that, "under new Supreme Court substantive findings of law[,]" his offense level for sentencing purposes should be decreased from level twenty-four (24) to level twenty-two (22). (Id. at 8.) In connection with most of these grounds for relief,

2

Petitioner asserts that he is "actual[ly] and factual[ly] innocen[t] of [his] sentence." (Id. at 6, 8.) As a result, he seeks his immediate release from custody. (Id. at 8.)

After Petitioner paid the requisite filing fee in this matter (Doc. No. 4), the Court deemed his petition filed, directed service upon Respondent—the Warden at LSCI Allenwood, and instructed Respondent to file a response within twenty (20) days (Doc. No. 9). On October 11, 2022, Respondent filed a response to the petition, arguing that Petitioner's challenge to the validity of his federal sentence does not fall within the narrow exception authorized by the saving clause of 28 U.S.C. § 2255, such that it would authorize Petitioner to assert his habeas claims via 28 U.S.C. § 2241. (Doc. No. 14.) Petitioner has since filed a reply (Doc. No. 17), as well as two (2) motions seeking the appointment of counsel (Doc. Nos. 15, 16).

Thus, the instant petition, which has been fully briefed by the parties, is ripe for the Court's resolution. For the reasons set forth below, the Court agrees with Respondent that the petition is subject to dismissal for Petitioner's failure to satisfy the narrow exception set forth in 28 U.S.C. § 2255. As a result, the Court will dismiss the petition for lack of jurisdiction under 28 U.S.C. § 2241.

**II.    DISCUSSION**

"Since the Judiciary Act of 1789, Congress has authorized federal courts to issue writs of habeas corpus to federal prisoners." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177-78 (3d Cir. 2017) (citing Act of Sept. 24, 1789, ch. 20, § 14, 1 Stat. 82).[1] In its current form, this authorization is found at 28 U.S.C § 2241 ("Section 2241") of the Judicial Code, "which provides that federal judges may grant the writ of habeas corpus on the application of a prisoner

---

[1] The scope of the writ was later expanded to reach state prisoners. See Bruce, 868 F.3d at 178 (citing Act of Feb. 5, 1867, ch. 28, § 1, 14 Stat. 385).

held 'in custody in violation of the Constitution or laws or treaties of the United States.'" See id. at 178 (quoting 28 U.S.C. § 2241(c)(3)).

Generally speaking, a federal prisoner is required to address his application for a writ of habeas corpus to "the person who has custody over him[.]" See 28 U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (explaining that, in a habeas challenge, "the proper respondent is the warden of the facility where the prisoner is being held . . . " (citations omitted)). "The logic of this rule rests in an understanding that the warden . . . has day-to-day control over the prisoner and . . . can produce the actual body." Anariba v. Dir. Hudson Cty. Corr. Ctr., 17 F.4th 434, 444 (3d Cir. 2021) (citations and internal quotation marks omitted)). Relatedly, "district courts may only grant habeas relief against custodians 'within their respective jurisdictions.'" See Bruce, 868 F.3d at 178 (citing 28 U.S.C. § 2241(a)) and Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 495 (1973) for the following proposition: Section 2241(a) "requires nothing more than that the court issuing the writ have jurisdiction over the custodian").

As explained by the United States Court of Appeals for the Third Circuit ("Third Circuit"), this requirement for federal prisoners to file in their district of confinement "meant that 'the few District Courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts, the homes of the witnesses[,] and the records of the sentencing court solely because of the fortuitous concentration of federal prisoners within the district.'" See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997) (quoting United States v. Hayman, 342 U.S. 205, 213-14 (1952)). In response to this overburdening, and the "serious administrative problems" that it created, Congress responded in 1948 by enacting 28 U.S.C. § 2255 ("Section 2255"). See Bruce, 868 F.3d at 178 (internal citation omitted) (citing Pub. L. No. 80-773, ch. 646, 62 Stat. 967-68);

4

In re Dorsainvil, 119 F.3d at 249 (explaining that Section 2255 was "deemed necessary" due to the "practical problems" that the federal judiciary was facing in light of the requirement for federal prisoners to file their Section 2241 applications in the district where they are confined).

Thus, "the sole purpose" of Section 2255 was, as explained by the United States Supreme Court "to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." See Hayman, 342 U.S. at 219 (citing Parker, Limiting the Abuse of Habeas Corpus, 1948, 8 F.R.D. 171, 175); United States v. Anselmi, 207 F.2d 312, 314 (3d Cir. 1953) (stating that "[S]ection 2255 is a remedial statute the purpose of which is to afford to a convicted federal prisoner a remedy which is the substantial equivalent of the conventional writ of habeas corpus but in a more convenient forum, the original trial court").

It is against this historical backdrop that the following legal principle was put into effect: when a federal inmate is seeking to collaterally attack the validity of his federal conviction or sentence, he must generally do so by way of a motion filed pursuant to Section 2255.[2]  See 28

---

[2] Generally speaking, Section 2241 confers jurisdiction over a habeas petition that has been filed by a federal inmate who challenges "not the validity but the execution of his sentence." See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (footnote omitted) (citations omitted); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas").  While "the precise meaning of 'execution of the sentence' is hazy[,]" see id. at 242, the Third Circuit has defined this phrase to mean "put into effect" or "carry out" see id. at 243 (citation and internal quotation marks omitted).  As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody.  See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (finding that a federal inmate's petition is actionable under Section 2241, where the inmate attacks the term of his custody by challenging the manner in which the BOP is computing his federal sentence).  And a federal inmate may also challenge BOP conduct that "conflict[s] with express statements in the applicable sentencing judgment." See, e.g., Cardona, 681 F.3d at 537 (providing that a federal inmate's petition is actionable under Section 2241, where the inmate attacks the execution of his sentence by showing that the BOP acted in a way that is "inconsistent with a command or recommendation in the [inmate's] sentencing judgment").  Here, however, Petitioner's grounds for relief do not concern the execution of his sentence—that is, they do not challenge how BOP prison officials are carrying out or putting into effect his federal sentence. See Woodall, 432 F.3d at 243.

5

U.S.C. § 2255(a); Bruce, 868 F.3d at 178 (explaining that "a federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under [Section] 2255"); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (stating that motions filed under Section 2255 "are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution" (citation omitted)); In re Dorsainvil, 119 F.3d at 249 (explaining that Section 2255, not Section 2241, is "the usual avenue for federal prisoners seeking to challenge the legality of their confinement"). Indeed, the plain text of Section 2255 "provides that a habeas petition filed in the prisoner's district of confinement 'shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief.'" See Bruce, 868 F.3d at 178 (emphasis added by the Bruce Court) (quoting 28 U.S.C. § 2255(e)).

However, Congress carved out a narrow exception, known as the saving clause,[3] which allows a federal inmate to resort to Section 2241 if he can establish that "the remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e); Okereke, 307 F.3d at 120. This exception applies in situations where, essentially, the petitioner has had no prior opportunity to challenge his conviction of a crime that was later deemed to be non-criminal by an intervening change in substantive law. See, e.g., Cordaro v. United States, 933 F.3d 232, 239-490 (3d Cir. 2019); Bruce, 868 F.3d at 179-80; Okereke, 307 F.3d at 120; Dorsainvil, 119 F.3d at 251.

---

[3] This exception is also referred to as the "safety-valve" provision of Section 2255. In re Dorsainvil, 119 F.3d at 251.

Importantly, however, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended [Section] 2255." See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (citations omitted); In re Dorsainvil, 119 F.3d at 251 (declining to hold that Section 2255 "would be 'inadequate or ineffective' so as to enable a second petitioner to invoke [Section] 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended [Section] 2255[,]" and noting that "[s]uch a holding would effectively eviscerate Congress's intent in amending [Section] 2255"). Instead, this Section "exists to ensure that petitioners have a fair opportunity to seek collateral relief" and not "to enable them to evade procedural requirements." See Cradle, 290 F.3d at 539 (citation omitted).

Here, and in accordance with this authority, the Court finds that Petitioner does not meet the narrow exception contained in Section 2255(e). Although Petitioner contends that he is "actual[ly] and factual[ly] innocen[t]" (Doc. No. 1 at 6, 8), he does not present any factual allegations that he is innocent of either his federal offense or predicate state offenses, and he likewise does not identify any intervening change in controlling law that would render his prior conduct non-criminal, such that he could avail himself of relief under the saving clause. See generally (Doc. Nos. 1, 17). In addition, his grounds for relief in his Section 2241 petition, for the most part, do not collaterally attack the crime for which he pleaded guilty and stands convicted, namely, possession with intent to distribute cocaine base. See, e.g., Cordaro, 933 F.3d at 239-490; Bruce, 868 F.3d at 179-80; Okereke, 307 F.3d at 120; Dorsainvil, 119 F.3d at 251.

Instead, his grounds for relief attack sentencing issues concerning his status as a career offender and his accompanying sentence enhancement. (Doc. No. 1 at 4, 6-8.) Such claims, however, do not fall within the limited category of cases in which a Section 2255 motion is considered "inadequate or ineffective," so as to enable a federal habeas petitioner to resort to Section 2241. See, e.g., Garcia v. Warden Ft. Dix FCI, 596 F. App'x 79, 82 (3d Cir. 2014) (unpublished) (affirming the district court's determination that the saving clause contained in Section 2255(e) did not apply to the petitioner's career offender sentence enhancement claim); Bowens v. United States, 508 F. App'x 96, 98-99 (3d Cir. 2013) (unpublished) (affirming the district court's judgment and concluding that the Section 2241 petitioner did not satisfy the safety valve provided for in Section 2255(e) because he had not been convicted of an offense later found to be non-criminal and, instead, only asserted arguments concerning his career offender status, which could have been raised earlier on direct appeal or in his prior Section 2255 motion).

Moreover, to the extent that Petitioner's remaining grounds for relief challenge (a) a verbal misstatement by the sentencing judge (i.e., identifying Petitioner's conviction as a conspiracy offense rather than possession with intent to distribute cocaine base) or (b) counsel's failure to object to that misstatement, the Court finds that these claims were available to Petitioner at the time of his direct appeal and at the time of his first motion to vacate his sentence under Section 2255. That Petitioner failed to raise these claims at the appropriate time, or that his first motion under Section 2255 was barred by the applicable statute of limitations, does not cause Section 2255 to be "inadequate or ineffective." See Cradle, 290 F.3d at 539 (citations omitted) (stating that "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the

8

petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255" (citation omitted)); In re Dorsainvil, 119 F.3d at 251 (declining to hold that Section 2255 "would be 'inadequate or ineffective' so as to enable a second petitioner to invoke [Section] 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended [Section] 2255[,]" and noting that "[s]uch a holding would effectively eviscerate Congress's intent in amending [Section] 2255").[4]

Thus, for all of the foregoing reasons, the Court concludes that the saving clause of Section 2255(e) does not apply here. As a result, the Court lacks jurisdiction to consider Petitioner's Section 2241 petition.

### III. CONCLUSION

Accordingly, the Court will dismiss the instant Section 2241 petition. (Doc. No. 1.) In addition, the Court will deny Petitioner's pending motions seeking the appointment of counsel as moot. (Doc. Nos. 15, 16.) An appropriate Order follows.

---

[4] In any event, while it appears that the sentencing judge may have misspoken during Petitioner's sentencing hearing (Doc. No. 1-2 at 1), the record in Petitioner's federal criminal case unequivocally demonstrates that he was indicted for, pleaded guilty to, and sentenced upon conviction of possession with intent to distribute cocaine base and not a conspiracy offense. See United States v. Kavanaugh, 1:13-cr-00469 (W.D. Tx. Oct. 15, 2013), ECF Nos. 1, 32, 40, 42.